**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Footprint International, LLC, | No. CV-24-00093-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Footprint Asia Limited, et al., | |
| Defendants. | |

Plaintiff Footprint International, LLC, has filed a Motion for Protective Order Regarding Disclosure of Customer Names.  Doc. 38.  Defendants oppose the motion. Doc. 55.  The Court will deny the motion and direct the parties to confer about a general protective order in connection with the upcoming Case Management Conference.

Plaintiff's request is not entirely clear.  Its motion, filed on the morning of the preliminary injunction hearing in this case, stated that Plaintiff was "not seeking a blanket protective order or to seal entire exhibits," but instead sought only to "anonymize customer names in the publicly filed versions of the documents and exhibits and to use pseudonyms to refer to these customers during the upcoming preliminary injunction hearing[.]" Doc. 38 at 4.  Plaintiff's reply brief, filed well after the hearing, suggests the motion was seeking some form of additional relief: "the purpose of this motion – filed in the preliminary stages of this case – is to protect non-party identities *and potentially commercially sensitive information as this litigation develops and more information comes to light*."  Doc. 58 at

6-7.   The reply further said that "Defendants themselves recognize that '[c]ompelling reasons include the need to protect . . . marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing[,]'" and then said: "this is precisely what Footprint seeks to protect here." *Id.* at 8.   Considering these statements, the Court is not sure what relief Plaintiff seeks.

Plaintiff also fails to clearly address relevant Ninth Circuit law.   That law generally holds that a party seeking to withhold information from public view must satisfy one of two standards – either the "good cause" standard for a protective order under Rule 26(c), or the "compelling reasons" standard under various Ninth Circuit cases.   *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).   Citing a district court case, Plaintiff suggests a third standard for protecting customer identities: the party seeking protection must show (1) a lack of prejudice to the opposing party, (2) the sensitive nature of the information, and (3) whether the public's interest in disclosure will be affected.   Doc. 38 at 3-4.   This is a standard entirely unfamiliar to the Court.   Plaintiff claims there is no Ninth Circuit case that addresses its precise proposal to redact customer identities (Doc. 58 at 3), but the fact remains that Plaintiff seeks to withhold information from the public record, and such a request historically has required either good cause or compelling reasons in this Circuit.   Indeed, Plaintiff expressly seeks a protective order (Doc. 38), and Rule 26(c) clearly requires at least good cause for such an order.   Further, the Court notes that the Ninth Circuit has held that materials filed in connection with a preliminary injunction motion may be withheld from disclosure only for compelling reasons.   *Ctr. for Auto Safety*, 809 F.3d at 1099.

The Court will not grant Plaintiff's pending motion.   The parties should confer about a case-wide protective order in preparation for the Case Management Conference to be held on May 2, 2024, and report on their progress in the Rule 26(f) report.

/ / /

/ / /

2

1    **IT IS ORDERED** that Plaintiff's motion for protective order (Doc. 38) is **denied.**

2    Dated this 10th day of April, 2024.

3

4

5                                            David G. Campbell
                                             Senior United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28