**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Footprint International, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Footprint Asia Limited, et al.,<br><br>Defendants. | No. CV-24-00093-PHX-DGC<br><br>**ORDER** |

    Plaintiff Footprint International, LLC ("Footprint") has moved for partial dismissal of Defendant Footprint Asia Limited's ("FPA") counterclaim for breach of contract. Doc. 69. The motion is fully briefed (Docs. 76, 78) and neither party requests oral argument. For reasons stated below, the Court will grant the motion.

**I.    Factual Background.**

    Footprint is a producer of fiber-based products including bowls, cups, straws, cutlery, and food containers. Footprint contracted with FPA to produce Footprint's products at factories in China. In December 2021, the parties executed a Master Supply Agreement ("MSA") to govern their relationship. They amended the MSA in October 2022. Doc. 5 at 2-5. According to Footprint, the "Purchase Order Terms and Conditions" ("Terms and Conditions") found on Footprint's website were incorporated into the parties' agreement as part of the amendment. Doc. 76 at 2.

    In January 2024, Footprint filed suit against FPA and four other defendants, asserting claims for breach of contract, trademark infringement, and unfair competition.

*See* Doc. 1 ¶¶ 212-88.  On the same day, Footprint notified FPA that it intended to terminate the MSA.  *See* Doc. 76 at 2-3.  FPA counterclaimed, asserting claims for breach of contract, breach of the implied duty of good faith, and unjust enrichment.  Doc. 63 at 36-39.  FPA alleges Footprint failed to follow notice-and-cure provisions included in the MSA and Terms and Conditions before filing suit, and failed to pay invoices for existing purchase orders.  *Id.*  Footprint seeks dismissal of FPA's breach of contract claim to the extent it alleges Footprint breached the MSA by filing this lawsuit without providing notice and an opportunity to cure.  Doc. 69 at 2 n.1.

**II.     Legal Standard.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.    Discussion.**

Under Arizona law, a claim for breach of contract has three elements: (1) the existence of a contract between the parties; (2) breach of the contract by the defendant; and (3) resulting damage to the plaintiff.  *Frank Lloyd Wright Found. v. Kroeter*, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010).  Footprint asserts that FPA has not plausibly alleged breach of contract or damages.  Doc. 69 at 3-5.

**A.     Breach.**

FPA's counterclaim asserts that "Footprint . . . breached the MSA by filing this lawsuit, which includes a claim for breach of contract, before notifying FPA and allowing FPA ninety (90) days to cure any alleged material breach of the MSA."  Doc. 63 at 36 ¶ 8.  Subsection 7.2(i) of the MSA, under the header "Term and Termination," states:

> Either party may terminate this Agreement by providing the other Party with written notice of termination in the event . . . of a material breach of this Agreement, which material breach shall be identified in such written notice, and which termination shall become effective at the end of ninety (90) days of such written notice of termination unless such other Party has fully cured such material breach by the end of such ninety (90) day period[.]

Doc. 5-2 at 10-11.[1]

Footprint argues that FPA does not plausibly allege breach because the MSA does not require a notice-and-cure period before a party files suit. Doc. 69 at 3; *see also* Doc. 63 at 36. Footprint notes that subsection 7.2 is the only portion of the MSA which includes a notice-and-cure provision, and that it applies only when a party wishes to terminate the contract, not when a party files suit. *Id.* at 3-4. Because FPA's counterclaim alleges that Footprint breached by filing suit, Footprint contends that breach has not been established.

FPA's response is two-fold. First, FPA notes that Footprint did terminate the parties' contract. FPA cites a January 12, 2024 letter to FPA in which Footprint said it was terminating the MSA and that "FPA's breaches cannot be cured given their intentional and irreversible nature." Docs. 76 at 2; 28-5. FPA thus contends that Footprint had fair notice of the basis for the counterclaim. Doc. 76 at 3-5. FPA also argues that Footprint breached subsection 7.2 by filing suit the same day it terminated the contract, as the "purpose of giving notice of breach is to . . . avoid the necessity of litigating the matter in court." *Id.* at 5.

The Court is persuaded by Footprint's argument. By its own words, the counterclaim is based on Footprint's decision to "file th[e] lawsuit" without providing FPA notice and a cure period. Doc. 63 at 36 ¶ 8. Although FPA now suggests Footprint did not comply with subsection 7.2 when it sent the termination letter, this claim is made only in FPA's response brief and not in the counterclaim. *See* Doc. 76 at 2-4.

Further, the Court does not read subsection 7.2 of the MSA as requiring a notice-and-cure period before a party files suit. The plain language of the MSA limits the notice-

---

[1] The Terms and Conditions, which Footprint believes were incorporated into the parties' agreement, contain a similar provision. *See* Doc. 5-2 at 29.

3

and-cure provision to termination. The provision is found in section seven, under the heading "Term and Termination," and states that it applies when a party wishes to terminate the agreement. Doc. 5-2 at 10, § 7.2 ("Either party may terminate this agreement by . . . ."). The provision does not mention filing suit or otherwise indicate that the parties intended notice-and-cure to be a prerequisite for litigation. "[W]hen parties bind themselves by a lawful contract the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 138 P.3d 1210, 1213 (Ariz. Ct. App. 2006).[2]

Other courts in this circuit have reached similar conclusions. *See Advanced Thermal Scis. Corp v. Applied Materials Inc.*, No. SACV 07-01384, 2008 WL 11338614, at *2 (C.D. Cal. July 1, 2008) ("The 'Termination' provision never mentions any obligation to provide notice or an opportunity to cure prior to bringing suit."); *RLED, LLC v. Dan Good Distrib. Co., Inc.*, No. CIV. S-08-851, 2008 WL 11389039, at *4 (E.D. Cal. Aug. 29, 2008) ("[H]ad the parties intended for the notice-and-cure provision to stand as a condition precedent to suit, they should have said so."); *RBB2, LLC v. CSC ServiceWorks, Inc.*, No. 1:18-cv-00915, 2019 WL 1170484, at *5 (E.D. Cal. Mar. 13, 2019) ("The language does not link or preface the filing of any suit seeking damages on notice and opportunity to cure.").

FPA has not presented a plausible basis for its claim that Footprint breached the contract by filing this action.

**B.     Damages.**

Footprint also argues that FPA has not alleged damages from Footprint's actions. Doc. 69 at 5. FPA's counterclaim alleges that it sustained damages from Footprint's non-payment of certain invoices, but is silent on damages from failure to provide notice and a cure opportunity before filing this lawsuit. Doc. 63 at 36 ¶10. FPA argues that it has

---

[2] To the extent FPA relies on the Terms and Conditions for its claim, the conclusion is the same. The notice-and-cure provision in the Terms and Conditions is located under the section header "Termination" and clearly speaks to how a party must act when terminating the agreement. *See* Doc 5-2 at 29. There is no indication that the provision applies to filing suit.

sustained damages in the form of litigation expenses, but FPA alleges such damages in its response brief, not in its counterclaim.

### IV.  Amendment of the Counterclaim.

If FPA wishes to amend its counterclaim, it shall confer with Footprint about the precise proposed amendment. If Footprint opposes the proposal, FPA may file a short motion under Rule 15 and Local Rule 15.1.[3]

**IT IS ORDERED** that Footprint's partial motion to dismiss FPA's counterclaim (Doc. 69) is **granted**.

Dated this 8th day of July, 2024.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[3] Footprint argues that amendment would be futile because its January 12, 2024 letter was sufficient to comply with the notice-and-cure provision. The Court does not agree. Whether Footprint's termination letter met the requirements of the MSA is likely a question of fact not appropriate for decision on a motion to dismiss.

5